O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD W. BEARD,<br><br>                Plaintiff,<br><br>    vs.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security Administration,<br><br>                Defendant. | CASE NO. ED CV 08-00930 (RZ)<br><br>MEMORANDUM OPINION<br>AND ORDER |

        Plaintiff has been before this Court several times before, seeking review of the Commissioner's decision denying his application for disability benefits.  The last of these several applications resulted in a remand from this Court, directing the Commissioner or his delegate to address the impact of Plaintiff's obesity and anemia on Plaintiff's ability to function.  [AR 842-48]  The Commissioner held a further hearing and issued a new decision [AR 834-39], again denying Plaintiff's application, and the matter returns here once more.  Under familiar law, the decision is to be upheld if it is backed by substantial evidence and the Commissioner applied the correct legal standard.  42 U.S.C. § 405 (g); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

        The application concerns the period September 1997 through December 2000, corresponding to the onset date through the date of the expiration of insurance coverage under Title II of the Social Security Act.  Plaintiff does not assign any error to the

Commissioner's determination of the impact of his obesity and anemia, the primary subjects of the Court's most recent remand order. Rather, having come this far, Plaintiff now raises only a single argument: that, in this latest decision, the Administrative Law Judge did not sufficiently discredit Plaintiff's assertions of fatigue. The Court does not agree.

Fatigue can be a subjective symptom of an impairment, *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996), one that is not easily measured, and thus the matter is largely one of degree. As Plaintiff notes, he has not claimed that he is an invalid, *see* Plaintiff's Memorandum in Support of Complaint at 7:9-10; nor did the Administrative Law Judge find that Plaintiff could perform all levels of work, or heavy work. Plaintiff identifies a number of places where he has mentioned fatigue as a result of his other impairments, and the Court notes testimony in the record that Plaintiff suffers fatigue as a by-product of some medications [AR 449], from travel in connection with his job as it was performed [AR 450], from hypertension [AR 469], and from exercise [AR 470].

These matters, however, appear to have been taken into account in the administrative decision. The limitations imposed by the Administrative Law Judge [AR 838] drew on testimony of the medical expert [AR 818], who testified that some of the medicines, but not the hypertension, itself might be fatiguing [AR 820], but who also testified that Plaintiff's restrictions were consistent with the limitations he recommended [AR 821]. The Administrative Law Judge found that Plaintiff retained the capacity to perform most light work, a species of work that would not involve exercise, and that Plaintiff could perform his past relevant work as a loan officer and real estate agent, at least as it was generally performed; as generally performed, a real estate agent involved light work, and a loan officer, sedentary [AR 323].

These limitations adequately addressed Plaintiff's subjective symptoms of fatigue. The Administrative Law Judge did not say that Plaintiff suffered *no* fatigue as a symptom of his combination of impairments, but rather found that Plaintiff nevertheless had a residual functional capacity which would allow him to perform certain kinds of work.

1  It was the Administrative Law Judge's province to make that determination, since
2  substantial evidence in the record supported it. *Drouin v. Sullivan, supra.*
3        Accordingly, the decision of the Commissioner is affirmed.

5  DATED: April 28, 2009

7                  RALPH ZAREFSKY
         UNITED STATES MAGISTRATE JUDGE